IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

**STATE OF TENNESSEE v. CARLA MOTEN**

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 98-06935, 98-06936    Arthur T. Bennett, Judge**

---

**No. W2001-01922-CCA-R3-CD  - Filed November 22, 2002**

---

Defendant, Carla Moten, was indicted by the Shelby County Grand Jury for aggravated burglary and intentional aggravated assault.  Defendant was convicted by a jury of the lesser-included offense of reckless aggravated assault.  The jury also found Defendant guilty of aggravated criminal trespass as a lesser-included offense of aggravated burglary.  Defendant was sentenced to two years for her reckless aggravated assault conviction and six months for her aggravated criminal trespass conviction, to be served concurrently.  In her appeal as of right, Defendant argues that the evidence at trial was insufficient to support her conviction for reckless aggravated assault.  We disagree, and affirm the judgment of the trial court regarding the conviction for reckless aggravated assault. However, we find plain error in the conviction for aggravated criminal trespass as a lesser-included offense of aggravated burglary and therefore reverse and dismiss the conviction for aggravated criminal trespass.

**Tenn. R. App. P. 3, Appeal as of Right;**
**Judgment of the Trial Court Affirmed in Part; Reversed and Dismissed in Part.**.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

AC Wharton, Jr., Shelby County Public Defender; Tony N. Brayton, Assistant Public Defender; and Donna J. Armstard, Assistant Public Defender, Memphis, Tennessee, for the appellant, Carla Moten.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William L. Gibbons, District Attorney General; Theresa McCusker, Assistant District Attorney General; and Lee Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

On October 26, 1997, Crystal Moore was at the home of Thomas Jones, whom she was dating at the time. Moore testified that around midnight, she was looking out the front door when she saw the Defendant across the street at Moore's aunt's house. Moore assumed that Defendant was looking for her, so she stuck her head outside the door to let Defendant see that she was there. Defendant then came across the street to Jones' house. Moore testified that Defendant had called Jones earlier that night. Moore had then asked Jones to take her home before Defendant got to his house. Jones told her that he was too intoxicated to do so, having drunk a half of a pint of bourbon that night.

As Moore observed Defendant cross the street and approach Jones' house, Jones came to the door and slammed the door on Defendant. He then pushed Moore onto the floor and picked up the phone to call the police. Defendant broke the window beside the front door and dove through the broken window. Moore testified that she got up from the floor and ran to the bathroom. She tried to hold the bathroom door closed, but Defendant pushed it open. Moore shoved Defendant and ran outside the house. Defendant ran behind her, chasing her up and down the street, saying, "You took my man." Moore was running from Defendant, yelling, "Get her off of me." Defendant picked up a broken bottle from the street and cut Moore with it while chasing her.

Moore saw Jones, who had already called the police, backing out of the driveway in his car. She ran over to Jones' car and tried to get inside it, but Defendant was holding onto her shirt and trying to climb into the car with her. The two women struggled for a while. Then Moore ran across the street to her aunt's house. Defendant continued to chase her across the street. Moore testified that she was trying to get help from her aunt when she saw the police coming. The police arrived, and Moore ran over to police and tried to get into the back seat of the police car to get away from Defendant. Moore was taken to the hospital, where she received stitches for lacerations to her neck and arm.

## II. Sufficiency of the Evidence

The sole issue raised by Defendant on appeal is whether the evidence was sufficient to support her conviction for reckless aggravated assault. When an accused challenges the sufficiency of the convicting evidence, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Keough*, 18 S.W.3d 175, 180-81 (Tenn. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In so determining, this Court must review the evidence in a light most favorable to the prosecution, affording it the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Keough*, 18 S.W.3d at 181 (citing *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). Questions regarding the credibility of the witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of

fact, not this Court. *Bland*, 958 S.W.2d at 659. Furthermore, a guilty verdict replaces the presumption of innocence with a presumption of guilt, which defendant has the burden of overcoming on appeal. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

A conviction for reckless aggravated assault requires proof that a defendant recklessly commits an assault, as defined in Tenn. Code Ann. § 39-13-101(a)(1), and causes serious bodily injury to the victim, or uses or displays a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(2). A deadly weapon is defined as "[a]nything...capable of causing death or serious bodily injury." Tenn. Code Ann. § 39-11-106(a)(5)(B). Defendant contends that the only evidence that Defendant caused bodily injury to Moore with the use of a deadly weapon was the testimony of Moore herself, which the Defendant argues is self-serving and cannot be believed because Jones' testimony conflicts with testimony of Moore, the victim. The trier of fact determines issues of witness credibility and is afforded all inferences reasonably drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 832 (Tenn. 1978). Furthermore, conflicts in trial testimony are resolved in favor of the jury verdict. *Tuggle*, 639 S.W.2d at 914.

Moore testified that Defendant chased her into the street, picked up a broken bottle, and attacked her with it. The evidence shows that Moore suffered lacerations to her neck and arm. Jones testified that he did not remember seeing either Moore or the Defendant with a weapon that night. That Jones does not remember seeing either the victim or the Defendant in possession of a weapon, or that certain parts of his testimony conflict with parts of Moore's testimony, is not a sufficient basis upon which to conclude that the evidence does not support a finding of guilt beyond a reasonable doubt. The jury accredited the testimony of the victim in this case. Defendant is not entitled to relief on this issue.

## III. Plain Error - Conviction of Aggravated Criminal Trespass

An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tenn. R. Crim. P. 52(b). *State v. Adkisson*, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986).

There are five factors which must be present for a court to determine "plain error" exists:
    (a) the record must clearly establish what occurred in the trial court;
    (b) a clear and unequivocal rule of law must have been breached;
    (c) a substantial right of the accused must have been adversely affected;
    (d) the accused did not waive the issue for tactical reasons; and
    (e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (citing *Adkisson*, 899 S.W.2d at 641-42).

This Court held, in *State v. Townes*, 56 S.W.3d 30 (Tenn. Crim. App. 2000), pursuant to the "statutory elements approach" of *State v. Burns*, 6 S.W.3d 453, 464 (Tenn. 1999), that "criminal trespass cannot be a lesser-included offense of burglary." *Townes*, 56 S.W.3d at 39.

Subsequent opinions of this Court, which are unpublished, have held that criminal trespass is a lesser-included offense of burglary. *See State v. George Redd*, 2001 Tenn. Crim. App. LEXIS 631, No. W2000-01620-CCA-R3-CD (Tenn. Crim. App., filed Aug. 9, 2001 at Jackson), *perm. to appeal denied* March 4, 2002 (Tenn. 2002); *State v. Mickey G. White*, 2002 Tenn. Crim. App. LEXIS 321, No. W2001-02429-CCA-R3-CD (Tenn. Crim. App., filed April 12, 2002 at Jackson), *no app. for perm. to appeal filed.*

However, in *State v. Reginald D. Terry*, 2002 Tenn. Crim. App. LEXIS 749, No. W2001-03027-CCA-RM-CD (Tenn Crim. App., filed Aug. 27, 2002 at Jackson), *perm. to appeal filed Oct. 29, 2002*, a panel of this Court noted the split in authority on this issue, but followed the holding in the published opinion of *State v. Townes*, following the requirement of Tennessee Supreme Court Rule 4(H)(2) that "opinions reported in the official reporter, however, shall be considered controlling authority for all purposes, until such opinion is reversed or modified by a court of competent jurisdiction." The court in *Terry*, *supra*, explicitly held that aggravated criminal trespass is not a lesser-included offense of aggravated burglary. As noted by our court in *State v. Reginald D. Terry,* the opinions inconsistent with *Townes* did not mention the court's holding in *Townes*. Therefore, we respectfully conclude that *Townes* has not been reversed or modified. Having come to that conclusion, we agree with the panel of this court in *Terry* that the opinion in *Townes* must be followed. Accordingly, since aggravated criminal trespass is not a lesser-included offense of aggravated burglary, Defendant's conviction for aggravated criminal trespass must be reversed and dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court as to the conviction for reckless aggravated assault is affirmed. The conviction for aggravated criminal trespass is reversed and dismissed.

_____
THOMAS T. WOODALL, JUDGE