IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2003

## FLOYD W. SMITH, II v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Wilson County**
**No. 95-407     Don Ash, Special Judge**

_____

**No. M2002-01933-CCA-R3-PC - Filed June 27, 2003**

_____

A Wilson County jury convicted the Petitioner of second degree murder. The trial court sentenced the Petitioner to twenty years in the Department of Correction. On direct appeal, the Petitioner's sole issue was that the twenty year sentence imposed by the trial court was excessive. This Court affirmed the trial court's twenty-year sentence. The Petitioner then filed a petition for post-conviction relief, alleging that he was denied effective assistance of counsel at trial and on appeal. The post-conviction court found that Petitioner failed to present clear and convincing evidence to support his claims and dismissed the petition. The Petitioner now appeals, arguing that the post-conviction court erred in denying post-conviction relief based on ineffective assistance of counsel and flaws in the voir dire. Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

James H. Flood, Lebanon, Tennessee, for the appellant, Floyd W. Smith, II.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and David E. Durham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Background

The facts of the underlying case, as described by this Court on direct appeal, are as follows:
At approximately midnight on the evening of February 18, 1995, a fifteen-year-old high school sophomore was killed after a fight broke out among several individuals in a shopping center parking lot. The cause of death was a single stab wound to the victim's chest which penetrated his heart. Immediately prior to the

killing, the group of young people gathered on the parking lot had been involved in some sort of an altercation. Although the evidence demonstrated that the Petitioner inflicted the fatal knife wound to the victim, the Petitioner argued that he acted in self defense.

State v. Smith, No. 01C01-9711-CR-00511, 1998 Tenn. Crim. App. LEXIS 1018, at ** 1-2 (Tenn. Crim. App., Nashville, Sept. 30, 1998).

At trial, Pacer Fields, the Petitioner's friend, testified that some hours before the stabbing, the Petitioner said "he wondered what it felt like if someone got cut." Another friend, Dustin Fields, testified that the Petitioner pulled out a knife earlier in the night in anticipation of a fight in Mt. Juliet and said, "well if I have to use it, I will." The Petitioner's trial counsel argued unsuccessfully to exclude testimony of these alleged statements.

A Wilson County jury convicted the Petitioner for second degree murder, and the trial court imposed a twenty-year sentence. The Petitioner appealed, asserting a single issue, that the twenty-year sentence was excessive. This Court affirmed the sentence on direct appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.

On March 10, 2000, the Petitioner filed a pro se post-conviction petition. The post-conviction court appointed counsel to assist the Petitioner, and counsel filed an amended petition. The post-conviction court conducted a hearing on the petition, as amended, on September 7, 2001.

The following evidence was presented at the post-conviction hearing: Frank Lannom, the Petitioner's trial attorney, testified that he and Mr. Neal Agee tried Petitioner's case together. Though it was Lannom's first murder trial, Lannom had been practicing law since 1992 and was under the guidance of Agee who was a "senior member of the bar." Lannom acknowledged that he filed a cursory new trial motion, but he stated that the substantial new trial motion was assigned to the Public Defender's office. He also commented on the voir dire process in this case, agreeing that he was satisfied with the jury selected.

The Petitioner testified that he spoke to the Public Defender's office a couple of times to discuss the new trial motion, though he spoke to someone other than the person who filed his motion. Additionally, the Petitioner stated that he spoke to his appellate counsel, Gregory Smith, twice. The Petitioner asserted that Smith did not raise certain issues which the Petitioner proposed during their two phone conversations. The Petitioner also presented a diagram charting the voir dire process in this case, specifically noting two jurors allegedly exposed to pre-trial information about the case who were never individually questioned.

II. Analysis

A. Ineffective Assistance of Counsel

The Petitioner alleges that he received ineffective assistance of counsel at trial and on appeal. Specifically, the Petitioner contends that counsel failed to argue in a motion for new trial, and again on appeal that the trial court erred by allowing the State to introduce statements attributed to the Petitioner which were unrelated to the offense and were more prejudicial than probative.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

At trial, Petitioner's counsel, Mr. Lannom, proficiently argued the inadmissability of the statements in question. Lannom filed a cursory motion for a new trial before turning the case over to the Public Defender's office. The Petitioner discussed the motion for a new trial with the Public Defender's office "maybe twice." The record is scant on the details of the new trial motion, and the Petitioner fails to present clear and convincing evidence to support his claim of ineffective assistance of trial counsel. Though the Petitioner's appellate counsel, Gregory Smith, raised only one issue on appeal, no evidence was presented to show that Smith's performance fell below an objective standard of reasonableness or prejudiced the Petitioner. We find nothing in the record to indicate that the post-conviction court erred in finding that the Petitioner's counsel was effective.

## B. Voir Dire Process

We also reject the Petitioner's final contention that flaws in the voir dire in this case deprived defense counsel of the information necessary to select a fair and impartial jury. The alleged flaw was the failure to administer individual voir dire to two venire members who indicated that they had pre-trial knowledge of the case.

It is well established that a party may not raise an issue in a post-conviction petition that could have been raised on direct appeal. State v. Townes, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann.§ 40-30-206(g). "The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40-30-206(g) for purposes of a post-conviction relief proceeding." Townes, 56 S.W.3d at 35.

The Petitioner did not raise this issue before the trial court, in his motion for a new trial, or on direct appeal. Accordingly, the issue is waived. Notwithstanding the waiver, we agree with the post-conviction court's determination that the alleged error was not prejudicial to the outcome of the case.

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE