IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE  v. LEE RUSSELL TOWNES**

**Direct Appeal from the Circuit Court for Carroll County**
**No. 94-CR-612      Julian P. Guinn, Judge**

---

**No. W1999-01126-CCA-R3-CD - Decided - August 18, 2000**

---

The trial court dismissed the petitioner's post-conviction relief petition, based upon its findings that trial counsel rendered effective assistance and that the other grounds for relief had been waived or previously determined.  On appeal, the record supports the trial court's judgment, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the trial court is AFFIRMED.**

WITT, J., delivered the opinion of the court, in which SMITH, J., and WEDEMEYER, J., joined.

Lee Russell Townes, *Pro Se,* on Appeal.

Paul G. Summers, Attorney General & Reporter, Mark E. Davidson, Assistant Attorney General, Nashville, Tennessee, G. Robert Radford, District Attorney General, Eleanor Cahill, Assistant District Attorney General, Huntingdon, Tennessee.

**OPINION**

The petitioner, Lee Russell Townes, appeals the Carroll County Circuit Court's dismissal of his July 20, 1998 petition for post-conviction relief.  The petition challenged his Carroll County Circuit Court jury convictions of theft, burglary, and felony murder.  This court affirmed the convictions.  See State v. Lee Russell Townes, No. 02C01-9505-CC-00140 (Tenn. Crim. App., Jackson, Nov. 19, 1996), perm. app. denied (Tenn. 1997).  The post-conviction court found no ineffective assistance of counsel and concluded that all other issues had been waived or previously determined.  The petitioner's grounds for relief elucidated in his petition and brief are difficult to follow.  In his brief, the petitioner framed his issues as follows:

> I.      Whether the appellant was deprived of his sixth and
>         fourteenth amendment right to trial by jury by reason of the
>         failure of the trial court to instruct the jury on the petitioner's
>         defenses implicated by petitioner's testimony and by his

"confession" introduced by the state.

II. Whether the appellant was deprived of his sixth amendment right to a jury trial by the failure of the trial court to instruct the jury on criminal trespass as a lesser included offense of burglary.

III. Whether the trial court deprived the petitioner of his constitutional right to trial by jury through instructions that directed the verdict of the jury.

IV. Whether the appellant is entitled to a judgment of acquittal for felony murder by operation of constitutional law on the basis that the state failed to prove beyond a reasonable doubt the absence of defenses implicated by petitioner's trial testimony and the exculpatory aspects of the "confession" introduced into evidence by the state.

V. Whether the state's factual and procedural defaults constitutionally require entry of a judgment of acquittal on the charge of felony murder.

VI. Whether the trial court's failure to instruct the jury on the defenses implicated by petitioner's trial testimony and "confession" unconstitutionally lessened the state's burden of proof.

VII. Whether the entire fact finding procedure throughout petitioner's trial was per se unconstitutional by reason of the total exclusion of petitioner's defenses from the jury's consideration and the court of criminal appeals was without constitutional authority to affirm a conviction where petitioner's defenses were not presented to the jury on proper instructions.

VIII. Whether trial counsel rendered ineffective assistance of counsel as contemplated by the sixth amendment of the united states constitution [based upon p]re-trial preparation [and lack of a] motion to suppress.[1]

After a full review of the record, the briefs, and the applicable law, we affirm the trial court's judgment.

We note at the beginning that the full record of the trial was not made an exhibit to the post-conviction proceeding. Apparently the petitioner possessed a copy of the trial transcript and used it in the *pro se* preparation of his petition, but he did not furnish the full transcript to his counsel who was appointed by the post-conviction court. Only the jury instructions portion of the transcript was offered into evidence at the post-conviction hearing. We have determined that the transcript

---

[1] We have reordered the issues in the discussion that follows.

of the final arguments to the trial jury are necessary for a thorough review of this case and have reviewed that portion of the trial transcript from this court's record of the direct appeal. See, e.g., State ex rel Wilkerson v. Bomar, 213 Tenn. 499, 505, 376 S.W.2d 451, 453 (1964) (court may take notice of its records in an earlier proceeding in the same case.)

The following summary of the facts of the conviction crimes is derived from this court's opinion which affirmed the convictions. See Lee Russell Townes. At about 7:15 a.m. on December 11, 1994, the body of Alvin Fields, a retired school teacher, was found on a stair landing in the Northwest Development Council Community Center building in Carroll County. Lee Russell Townes, slip op. at 2. He had been stabbed in the "neck, chest, upper arm, leg, ear and [had] defensive wounds to the right hand and fingers." Id., slip op. at 3. Fields had gone to open the center at 7:00 a.m. to prepare it for a talent show. Id., slip op. at 2-3. A window or door had been broken by an intruder. Id., slip op. at 6. A few items of personalty, including a small refrigerator, were missing. Id., slip op. at 3.

Blood matching the victim's type was found on the petitioner's pants. Id., slip op. at 4. A particle of glass found in the petitioner's shoe matched the type of broken glass that was found at the center. Id., slip op. at 6. Foot prints in the victim's blood at the crime scene matched the petitioner's shoes. Id., slip op. at 3. At about 5:30 or 6:00 a.m. on the day of the burglary and murder, the petitioner sold the community center's refrigerator to an acquaintance on the street. Id., slip op. at 7.

The petitioner signed a written statement in which he said that, while out for a walk at about 3:30 or 4:00 a.m., he saw a door at the center standing open, and he went inside. He carried off the refrigerator and sold it. Id., slip op. at 4-5. He returned to the center about 7:00 a.m., and then the victim arrived and questioned the petitioner about his presence in the building. Id., slip op. at 5. The victim then picked up a knife and accused the petitioner of breaking into the building. Id. The pair struggled, and when they stumbled down the stairs, the victim sustained a knife wound to his neck. Id. The petitioner said he did not mean to kill the victim and tried to stop the bleeding to no avail. Id. He left and hid his pants and shirt. Id.

At trial, the petitioner altered the account he gave in his pretrial statement by testifying that he did not participate in the homicide. Id., slip op. at 8. He testified that before he went to the center the second time, he saw his brother drive by in a furniture truck owned by his brother's employer. Id., slip op. at 9. Shortly thereafter, he saw the truck and the victim's car parked at the center. Id. He went inside, found the body, and saw his brother run down the hallway. Id. He removed the knife from the scene and threw it into a ditch (where it was later found). Id.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). With these standards in mind, we turn to the issues presented.

# I. **Issue V**

We conclude that the petitioner has waived issue V, the question of whether this court should declare him acquitted of felony murder . The issue, as stated, was not presented in the post-conviction petition and may not be raised for the first time on appeal. Cone v. State, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987).

# II. **Issues I - III**

In issues I and III, the petitioner is aggrieved of the trial court's failure to recognize, and to charge the jury with respect to, the defenses of accident, necessity and self-defense. Despite the petitioner's trial testimony wherein he denied any involvement in the victim's death, he points to his pretrial statement as a basis for claiming that the defenses of accident, necessity and self-defense were raised by the evidence.

We conclude that these issues have been waived because they were not raised in the petitioner's direct appeal of his conviction. A post-conviction court shall dismiss a petition that states claims which have been waived. Tenn. Code Ann.§ 40-30-206(f) (1997). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with certain exceptions not applicable in the present case. Tenn. Code Ann. § 40-30-206(g) (1997). The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40-30-206(g) for purposes of a post-conviction relief proceeding. State v. Benson, 973 S.W.2d 202, 208 (Tenn. Crim. App. 1998); Alley v. State, 958 S.W.2d 138, 148 (Tenn. Crim. App. 1997). Issues that are not fundamental constitutional trial issues may be waived by counsel. Tenn. Code Ann. § 40-30-206(g) (1997); House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). Because the claimed failure to instruct on the issues of accident, necessity, and self-defense was not raised on direct appeal, the issue is waived in this post-conviction proceeding pursuant to Code section 40-30-206(g).

Notwithstanding waiver, we conclude that these issues have no merit. In general, the trial court is obliged to instruct the jury on the rules of law that apply to the issues at trial. Poe v. State, 212 Tenn. 413, 416, 370 S.W.2d 488, 489 (1963). The duty of the trial court to charge the jury arises when an issue is fairly raised by the evidence. There is no duty to charge on that issue when the evidence fails to fairly raise it. State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995); State v. McPherson, 882 S.W.2d 365, 374 (Tenn. Crim. App. 1994). A defendant complaining of an instruction being omitted must make a special request that the instruction be given or otherwise object to the omission. See Tenn. R. Crim. P. 30(a), (b); State v. Cravens, 764 S.W.2d 754 (Tenn. 1989); State v. Haynes, 720 S.W.2d 76, 84-85 (Tenn. Crim. App. 1986); Bolton v. State, 591 S.W.2d 446 (Tenn. Crim. App. 1979). On the other hand, an objection or special request for an omitted charge is excused when the charge relates to an issue that is "fundamental to the defense and essential to a fair trial." Poe, 212 Tenn. at 420, 370 S.W.2d at 491; see also Monts v. State, 379

S.W.2d 34, 40 (Tenn. 1964); Casey v. State, 491 S.W.2d 90, 94-95 (Tenn. Crim. App. 1972).

In the present case, the defenses of accident, necessity and self-defense were not fairly raised by the evidence. The thrust of the defense theory as presented to the jury through evidence and final argument was that the pretrial confession was bogus and was merely an attempt to deflect blame from the petitioner's brother. The petitioner testified at trial that he did not act accidentally, out of necessity or in self-defense to kill the victim - - that he did not kill the victim through any means.[2] Probably in response to physical evidence which belied his pretrial claims, he rejected and declined to rely upon his pretrial statement and any defenses which it suggested. As such, those defenses were not fairly raised. McPherson, 882 S.W.2d at 374.

The petitioner complains in Issue II that the trial court committed error of constitutional dimension by failing to instruct the jury on "criminal trespass as a lesser included offense of burglary." We infer from this claim that the petitioner's challenge is to the "burglary" which serves as the predicate offense to the conviction of felony murder. Although the petitioner's argument is unclear, we discern from the final trial arguments of counsel and trial counsel's testimony at the post-conviction hearing that the case was tried on the premise that the initial burglary, which the petitioner at trial conceded that he committed, was a completed crime after the petitioner left with the refrigerator and was thus discrete from the second entry approximately three hours later. In its final argument at trial, the state asserted that, at the time of the second entry into the community center, the petitioner "was committing a burglary, and the intent to commit a felony, which he had stole [sic] one item [earlier] and [we] submit [was] going back to steal more." At the post-conviction hearing, trial defense counsel testified, "[W]e weren't contesting the burglary. Our whole defense was based on the fact that at the actual time of the murder sufficient time had passed, there was no intent to commit any kind of crime whatsoever when [he] entered into the school premises [the second time . . . . He] committed the theft, but it didn't have anything to do with the murder." The burglary *conviction* was apparently based upon the earlier burglary-theft which the defense conceded he committed.[3] Because there can be no claim of error in failing to charge

---

[2] In final argument at trial, defense counsel stated, "This man [, the victim,] wasn't stabbed one time in an accident. He was murdered by someone [who caused] wounds in the neck, carotid artery, the jugular vein and the wound to the chest and the stomach and shoulder. This man was stabbed numerous, numerous times."

[3] In finding the evidence sufficient to support the conviction, this court in its direct appeal opinion rejected the argument that the only burglary occurred during the first entry. Lee Russell Townes, slip op. at 11. In the opinion, we said:

> The state's theory at trial was that the defendant intended to steal more items during the second unlawful entry but was surprised by the victim . . . . The jury convicted the defendant based on the theory of the state. The evidence at trial supported their decision.

criminal trespass as a lesser-included offense of the *conviction* burglary that was conceded at trial, we infer that issue II relates to the *predicate* burglary for felony murder, which appears to be based upon the second entry into the building.

Nevertheless, the petitioner may not prevail on this issue for at least three reasons. First, we conclude that the petitioner had no right to have the trial court instruct the jury as to the lesser-included offenses of the felony which serves as the predicate offense for felony murder, at least when such lesser-included offenses are not among the predicate felonies listed in the felony-murder statute. See Tenn. Code Ann. § 39-13-202(a)(2)(1997) (proscribing as first degree murder a "killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse or aircraft piracy"). "A trial court's duty to charge juries as to the law of each offense 'included' in an indictment has been statutorily mandated in this State for some time." State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999); see also Tenn. Code Ann. § 40-18-110(a) (1997) (obligating the trial judge to charge "the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so"). When a defendant is indicted for felony murder and is also indicted in a separate count for the commission of the *same* felony which serves as the predicate for the felony murder charge, the mandate of Code section 40-18-110 would undoubtedly apply to the separate charge on the underlying felony offense. When, as in the present case, a defendant is not charged separately with the commission of the felony which also serves as the predicate for the felony murder charge, requiring the trial court to charge the jury as to the lesser-included offenses of that predicate offense serve no purpose other than to confound the jury.

Although the long-standing rule requiring the court to charge the jury on lesser-included offenses undoubtedly serves the prosecution in some cases, see Burns, 6 S.W.3d at 464, it is also "beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." Id. (quoting Beck v. Alabama, 447 U.S. 625, 633-34, 100 S. Ct. 2382 (1980)). That policy interest is not present in the case of lesser offenses included within the predicate offense for felony murder. If a jury decides that a defendant who is charged, for instance, with murder in the perpetration of burglary did not commit the burglary but nevertheless may have killed the victim, it acquits the defendant of felony murder but does not at that point acquit him of all charges. Under proper instructions from the court, it then considers the defendant's guilt under any applicable lesser offenses included within the offense of first degree felony murder.[4] Based upon this analysis, we see no need or purpose in this situation to require a lesser-included offense instruction as to the predicate felony, and the petitioner's claim to such an instruction is meritless.

Second, the issue was waived pursuant to Code section 40-30-206(f), (g). The claim

_____

Id., slip op. at 11.

[4]     In the present case, the trial court charged the jury on second degree murder and voluntary manslaughter as lesser-included offenses of first degree murder.

-6-

was not presented in the petitioner's direct appeal even though it could have been. Although instructing the jury on lesser-included offenses may be "a constitutional requirement under some circumstances," our supreme court has determined that failure to give an applicable lesser-included offense instruction is "not so basic to a fair trial that [the] violation can never be treated as harmless" error. See State v. Williams, 977 S.W.2d 101, 104 (1998). Accordingly, we infer that instructing the jury on lesser-included offenses does not enjoy the level of sacrosanctity as do fundamental constitutional trial rights such as the right to counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963), the right to an impartial judge, see Tumey v. Ohio, 273 U.S. 510, 47 S. Ct. 437 (1927), or the right of a defendant to testify at his or her own trial. See Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308 (983); Momon v. State, 18 S.W.3d 152, 161 (Tenn. 1999), reh'g granted (Tenn. 2000) (other grounds). As such, we believe it is subject to the waiver provisions of the post-conviction relief law. House v. State, 911 S.W.2d 705, 714, n.20 (1995) ("[f]undamental constitutional trial right[s]," which may only be waived "personally by a defendant," are exempt from the post-conviction waiver provisions which otherwise occlude rights when issues are not timely raised).

Finally, assuming the issue is otherwise viable, we conclude that the record fails to support the petitioner's claim that criminal trespass should have been charged. In analyzing the existence of lesser-included offenses, Tennessee has followed a "statutory elements approach." Burns, 6 S.W.3d at 464. Under this approach, an offense is "necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979).

Burglary is committed by a person "who, without the effective consent of the property owner: (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault." Tenn. Code Ann. § 39-14-402(a) (1997). For purposes of burglary, the term "enter" includes an intrusion with "any part of the body" as well as with a remotely-controlled object. Tenn. Code Ann. § 39-14-402(b)(1), (2) (1997). As pertinent to the present case, criminal trespass is committed by one "who, knowing the person does not have the owner's effective consent to do so, enters . . . property, or a portion thereof." Tenn. Code Ann. § 39-14-405(a) (1997). For purposes of criminal trespass, the term "enter means intrusion of *the entire body*." Tenn. Code Ann. § 39-14-405(c) (1997) (emphasis added).

We are aware that courts in this state have indicated that, under the 1989 criminal code, criminal trespass is – or at least *can be* – a lesser-included offense of burglary. See, e.g., State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999); State v. Boyce, 920 S.W.2d 224 (Tenn. Crim. App. 1995); State v. Vance, 888 S.W.2d 776, 779 (Tenn. Crim. App. 1994) (suggesting an evidentiary approach analysis in saying, "Criminal trespass is a lesser included offense of aggravated burglary *under the facts in this case*") (emphasis added). However, employing a statutory approach to the analysis of elements, it appears that criminal trespass cannot be a lesser-included offense of burglary. A person may commit burglary by intruding with a hand, foot or merely a remotely-controlled device. Such an intrusion, though burglarious, does not equate to criminal trespass. State v. Curtis Smith, No. 02C01-9602-CR-00051, slip op. at 8-9 (Tenn. Crim. App., Jackson, Jun. 3, 1997).

Precision requires us to recognize that, in the present case, the trial court may have been obliged under justifying facts to charge criminal trespass in a free-standing burglary charge because the former was viewed as a "lesser grade offense" of the latter. See State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), overruled by State v. Dominy, 6 S.W.3d 472, 477 (Tenn. 1999). With the supreme court's defenestration of the Trusty concept of "lesser grade offenses," see State v. Burns, 6 S.W.3d 453 (Tenn. 1999), we are unsure what retroactive effect our supreme court will attach to Dominy and Burns and what the shelf-life of Trusty will be. In the present case, the crime was committed prior to the filing of Trusty, a case which points to criminal trespass being a lesser-grade offense of burglary in this case; however, Burns not only erases the notion of "lesser-grade offense," it also galvanizes Tennessee in the statutory approach to elements analysis. If Burns controls, we believe it trumps cases such as Langford, Boyce and Vance, with the result that criminal trespass cannot, under any facts, be a lesser-included offense of burglary.

Regardless of whether criminal trespass is a lesser-included or lesser-grade offense of burglary, the record shows that the trial court should not have charged criminal trespass as to the petitioner's second entry into the community center. Historically, Tennessee law "has consistently required some factual basis for submitting an instruction on a lesser-included offense to the jury." Burns, 6 S.W.3d at 467; see Langford, 994 S.W.2d at 128; State v. Stephenson, 878 S.W.2d 530, 549-50 (Tenn. 1994); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990); State v. Mellons, 557 S.W.2d 497, 499 (Tenn. 1977). Such a basis is absent when the evidence establishes that the charged crime was committed and the defendant maintains he or she was "elsewhere when the crime was committed." Price v. State, 589 S.W.2d 929, 932 (Tenn. Crim. App. 1979). When this occurs and "when there is no evidence in the record which would tend to reduce the grade of the offense," no instructions on a lesser-included or lesser-grade offense are required. Judge v. State, 539 S.W.2d 340, 342 (Tenn. Crim. App. 1976); see Price, 589 S.W.2d at 932; State v. Barker, 642 S.W.2d 735, 738 (Tenn. Crim. App. 1982). In the present case, the petitioner testified at trial that he arrived at the community center after the victim had been fatally stabbed and that he was elsewhere when the attack occurred. Moreover, in his argument to the jury, he remained committed to a strategic defense of *no est factum.* He acknowledged that the victim had been murdered, but he focused upon his innocence of the slaying and never attempted to assert any alternative defense that, should the jury find him guilty of stabbing the victim, then he was only a mere trespasser at the time. Obviously, an attempt to make such an argument may have undercut his defense that he was not the murderer. Based upon the evidence and the defense theory as presented to the jury, the trial court was not required to charge the jury on criminal trespass as a lesser-included offense of burglary.

Accordingly, we find no merit in issues I, II and III.

### III.  Issues IV - VII.

We have separated issues IV through VII from the preceding issues because, in IV through VII, the petitioner asserts that the jury instructions failed to impart constitutionally required information about the state's burden of proving its case beyond a reasonable doubt. Because a deficient "reasonable doubt" instruction is a fundamental right which cannot be viewed as harmless error, Sullivan v. Louisiana, 508 U.S. 275, 112 S. Ct. 2078 (1993), we conclude that the post-

conviction waiver provision does not apply.  In House, our supreme court said that the post-conviction waiver[5] is not effective to waive fundamental constitutional trial rights.  House, 911 S.W.2d at 714, n. 20; but see Tom Moore III v. State, 02C01-9811-CR-0361 (Tenn. Crim. App., Jackson, Dec. 29, 1999) (reasonable doubt instruction issue can be waived if not raised on direct appeal), perm. app. denied (Tenn. 2000).

In issues IV through VII, the petitioner assails the "reasonable doubt" firmness of the jury instructions on three points.  First, he says that the trial court failed to address the burden of proof  issues inherent in the negation of the defenses of accident, necessity, self-defense, and "trespass."  We have already resolved this issue by determining that the claimed defenses were not fairly raised or were otherwise occluded by the defense theory. No jury instructions regarding the "negation" of these claimed defenses were required.[6]

Second, the petitioner asserts that the trial court's general jury instructions do not convey constitutionally mandated "reasonable doubt" information.  He argues that the instructions "misled the jury" because they contained no reference to "any defense of the petitioner," and they "failed to charge the jury that the State was required to disprove petitioner's defenses beyond a reasonable doubt."

We have read the jury instructions, which were exhibited to the post-conviction hearing.  In pertinent part they provide as follows:

> The law presumes that the defendant is innocent of the charges against him.  This presumption remains with the defendant throughout every stage of the trial, and it is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt and this burden never shifts, but remains on the State throughout the trial of the case.  The defendant is not required to prove his innocence.

---

[5]  The law under scrutiny in House was the pre-1995 post-conviction law.  That law did not explicitly provide that issues could be waived through the acts or omissions of counsel, as does the current statute.  Compare Tenn. Code Ann. § 40-30-112(b)(1) (repealed Acts 1995, ch. 207) with Tenn. Code Ann. § 40-30-206(g) (1997).

[6]  To the extent that we discerned among these issues a complaint that the evidence failed to "negate" these defenses, we relegate that complaint to a challenge to the sufficiency of the evidence, which was previously determined in the petitioner's direct appeal. See Tenn. Code Ann. § 40-30-206(f), (h) (1997).

> The defendant cannot be convicted of any criminal offense unless the State has proven beyond a reasonable doubt every element necessary to constitute the offense.
>
> Reasonable doubt is defined as doubt of the defendant's guilt based upon reason and common sense after a careful and impartial consideration of all the evidence in the case. It is a doubt engendered by an investigation of all the evidence and an inability after such investigation to let the mind rest easy and reasonably upon the certainty of guilt. It is not necessary that the defendant's guilt be proved beyond all possible doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge. The certainty required is such as to allow the mind to rest upon a settled conclusion beyond a reasonable doubt of the defendant's guilt.
>
> If upon consideration of all the evidence fairly and impartially, you have a reasonable doubt of the defendant's guilt or if you find that the State has not proven every element of the offenses charged or included in the indictment beyond a reasonable doubt, then you must find the defendant not guilty.

As can be seen, the trial court delivered a full, fair and articulate instruction on the subject of the state's burden to prove its case beyond a reasonable doubt. The instruction belies the petitioner's complaint that the jury received no information about his defense theory that he did not kill the victim. The jury was instructed that reasonable doubt "may arise from the evidence, the lack of evidence or the nature of evidence." We believe that the trial court's charge imparted to the jury the full measure of information that due process requires.

> Finally, the petitioner argues that the jury convicted him of felony murder
>
> based on the theft of the refrigerator. The theft of the refrigerator transpired hours prior to the alleged burglary, at which time petitioner was alleged to have committed Felony Murder. The jury's verdict is impeached by reason that nowhere in the instructions is it made clear to the jury that petitioner could have been convicted of the charge of felony murder only if the jury found that the petitioner caused the death during the second entry to the center with the intent to burglarize the premises.

Although the theory of the state as to the number of burglaries and whether the homicide was incidental to the first or the second burglary could have been better articulated to the jury, we disagree with the petitioner that the theory was not adequately imparted to the jury. As noted above, the arguments of both the state and the defense indicated that it was during perpetration of the second burglary that the homicide was committed, and this court gleaned as much from its

review of the full record on direct appeal. See Lee Russell Townes, slip op. at 11. More significantly, the trial court charged the jury that the homicide must be "closely connected" to the underlying predicate offense and that the predicate offense must not be "a separate, distinct and independent event." Moreover, the trial court charged the jury that "[t]he offenses charged under [count one (theft) and count two (burglary)] are, however, separate and distinct offenses from the theft or burglary offense that is a necessary element of first degree murder as charged in this count [three]." We conclude this instruction was fair, complete and proper under the circumstances. We find no error.

## IV. Issue VIII.

In this issue, the petitioner argues that he was hampered by the ineffective assistance of trial counsel in two respects: (1) counsel was ill-prepared to try the case, and (2) counsel failed to move to suppress the petitioner's pretrial statement.

The post-conviction court concluded that the petitioner's trial counsel provided constitutionally effective representation. Accordingly, this court must determine whether the evidence preponderates against the post-conviction court's findings (1) that counsel's performance was within the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and (2) that any deficient performance did not prejudice the petitioner. Strickland v. Washington, 466 U.S. 668, 687-79, 104 S.Ct. 2052, 2064-2069 (1984); see also Powers v. State, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one. Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1998).

In evaluating counsel's performance, this court should not examine every allegedly deficient act or omission in isolation, but rather in the context of the case as a whole. State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The primary concern of the court should be the fundamental fairness of the proceeding whose result is being challenged. Id. (citation omitted). Therefore, this court should not second-guess tactical and strategic decisions by defense counsel. Henley, 960 S.W.2d at 579. Instead, this court must reconstruct the circumstances of counsel's challenged conduct and evaluate the conduct from counsel's perspective at the time. Id. See also Irick v. State, 973 S.W.2d 643, 652 (Tenn. Crim. App.).

However, this court's deference to counsel's tactical decisions will depend upon counsel's adequate investigation of defense options. Burger v. Kemp, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987). That having been said, one court has observed:

> Judges wisely defer to *true* tactical choices - that is to say, to choices between alternatives that each have the potential for both benefit and loss. We are in a poor position to judge, on the cold record, the quality of such a choice, made as it is in the fine-grained texture and nuance of the particular proceeding.

Profit v. Caldron, 831 F.2d 1245, 1249 (5th Cir. 1987) (emphasis added). Accordingly, assuming adequate investigation, the fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. Thompson v. State, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997); Jerry Whiteside Dickerson v. State, No. 03C01-9710-CR-00472 (Tenn. Crim. App., Knoxville, Sept. 16, 1998), perm. app. denied (Tenn. 1999).

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. Denton v. State, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger, 483 U.S. at 794, 107 S.Ct. at 3126.

Even if the petitioner establishes that counsel's performance was not within the requisite range of competence, he must also demonstrate a reasonable probability that the result of the proceeding would have been different but for the defective performance of counsel. Henley, 960 S.W.2d at 580. The prejudice prong of the Strickland test "continues to be the primary hurdle to be cleared in Sixth Amendment assistance of counsel cases," but "[t]his obstacle . . . is not insurmountable." Profit, 831 F.2d at 1251.

> "A court must consider the totality of the evidence before the judge
> or jury. Some of the factual findings will have been unaffected by the
> errors, and factual findings that were affected will have been affected
> in different ways. Some errors will have had a pervasive effect on the
> inferences to be drawn from the evidence, altering the entire
> evidentiary picture, and some will have had an isolated, trivial effect
> . . . ."

Henley, 960 S.W.2d at 580 (citations omitted). With these general principles in mind, we address the petitioner's specific allegations of ineffective assistance of counsel.

Specifying his claims of lack of preparation, the petitioner argues that his trial counsel was ineffective because he failed to request a jury charge on criminal trespass as a lesser-included offense of burglary, failed to move for a judgment of acquittal at the close of the state's proof, and failed to seek charges on the defenses of accident, necessity and self-defense.

The post-conviction court found that trial counsel adequately investigated the case and effectively presented the petitioner's theory of his defense that he did not kill the victim. Nothing in the record belies the court's findings. We have already concluded that the trial court had no basis for charging criminal trespass as a lesser-included offense of burglary or the law on the defenses of accident, necessity and self-defense. Based on the record before us, the claim that counsel represented his client ineffectively because he failed to move for a judgment of acquittal at the close of the state's case is utterly groundless.

The claim that counsel was ineffective because he failed to move the trial court to

-12-

suppress the petitioner's pretrial statement as the "fruit[ ] of an illegal, warrantless arrest" simply was not established in the post-conviction record. The record is devoid of any evidence that the arrest was illegal or that the pretrial statement was elicited as the result of an illegal arrest. The burden is on the post-conviction petitioner to prove his claims by clear and convincing evidence. This the petitioner has failed to do on this issue.

In short, the record supports the post-conviction court's finding that the petitioner received effective assistance of counsel.

## V. Conclusion.

The petitioner has failed to carry his appellate burden, and the judgment of the trial court is affirmed.