IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## ANDREW COLE  v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 15354     L. T. Lafferty, Judge**

---

**No. W2002-01432-CCA-R3-PC  - Filed August 29, 2003**

---

The Appellant, Andrew Cole, appeals the dismissal of his petition for post-conviction relief by the Gibson County Circuit Court.  Cole is currently incarcerated as a result of his jury convictions for attempted first degree murder, attempted second degree murder, aggravated assault, and felon in possession of a firearm.  On appeal, Cole raises the issues of: (1) whether he received ineffective assistance of counsel; (2) whether the trial court erred in refusing to appoint "new counsel" for him at trial; and (3) whether he was improperly sentenced as a multiple offender.  After review of the issues, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Richard W. Vaughn, Jr., Milan, Tennessee, for the Appellant, Andrew Cole.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; Garry G. Brown, District Attorney General; and Larry Hardister, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 20, 1996, the Appellant received a ride to the Milan Box Factory to meet his estranged wife, Tammy Cole.  After finishing her shift, Mrs. Cole came out of the factory with her uncle, John Hannah, and the two proceeded to get into the car of Mrs. Cole's boyfriend, Johnny Crayton.  While in prison, the Appellant had learned that his wife was living with Crayton.  This relationship continued after the Appellant's release from prison and resulted in numerous threats by the Appellant to kill both his wife and Crayton.  Upon observing his wife with Crayton, the

Appellant, brandishing a pistol, ran toward Crayton's vehicle and began shooting into it. Two bullets hit Crayton, one in the chest and one in the back of his neck, and Mrs. Cole was shot twice in the leg. Mr. Hannah was not shot; however, several bullets passed nearby. The Appellant fled the scene but was apprehended several days later at the apartment of his girlfriend.

On January 21, 1997, a Gibson County grand jury returned a seven count indictment charging the Appellant with two counts of attempted first degree murder, three counts of aggravated assault, one count of reckless endangerment, and one count of felon in possession of a firearm. On September 16, 1997, a jury convicted the Appellant of: (1) attempted first degree murder; (2) attempted second degree murder; (3) aggravated assault; and (4) felon in possession of a firearm. The trial court subsequently sentenced the Appellant, as a Range II offender, to an effective sentence of thirty years in the Department of Correction.[1] The Appellant appealed, challenging only the sufficiency of the convicting evidence, and a panel of this court affirmed the convictions and sentences. *State v. Andrew Cole*, No. 02C01-9712-CC-00461 (Tenn. Crim. App. at Jackson, Sept. 22, 1998).

The Appellant then filed a *pro se* petition for post-conviction relief on September 27, 1999, which was amended following the appointment of counsel. A post-conviction hearing was held on April 29, 2002, during which only the Appellant and trial counsel testified. The Appellant testified at the hearing that trial counsel failed to communicate with him or to keep him informed of developments in the case, meeting with him only twice before trial. In addition, the Appellant asserted that trial counsel was inadequately prepared for trial by failing to interview witnesses. Further, the Appellant testified that there was confusion regarding the length of the sentence in the plea agreement offered by the State.

Trial counsel testified that he maintained contact with the Appellant, meeting with him at least three times and logging at least thirty-five phone calls from the Appellant, in addition to replying to numerous written communications. This communication was accomplished despite the fact that the Appellant was transferred to the Department of Correction pending trial due to his misconduct in the jail. Trial counsel testified that the facts of the case were essentially uncontroverted, and the only defense available to the Appellant was "one of passion." Nonetheless, trial counsel testified that he proceeded to interview all material witnesses. Counsel further maintained that, despite the fact that the Appellant had physically threatened his safety, he felt he was capable of continuing his representation of the Appellant. Trial counsel further explained that during the pretrial stage of the case, he had filed a motion to withdraw as counsel for the Appellant; however, this was done at the Appellant's insistence. This motion was denied by the trial court. After hearing all the evidence, the post-conviction court dismissed the petition, finding that no relief was warranted. This appeal followed.

---

[1] The Appellant was sentenced to thirty years for attempted first degree murder, fifteen years for attempted second degree murder, seven years for aggravated assault, and eleven months and twenty-nine days for being a felon in possession of a firearm. The sentences were ordered to be served concurrently.

**Analysis**

**I. Ineffective Assistance of Counsel**

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) ( 1997). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption that the post-conviction court's findings are correct. *Id*.

In support of his argument of ineffectiveness the Appellant asserts: (1) trial counsel only met with him for approximately two hours during his preparation for trial; (2) trial counsel failed to interview the victim, Tammy Cole; (3) trial counsel failed to sufficiently prepare the Appellant prior to his testimony; and (4) trial counsel did not clearly communicate the State's plea offer. The post-conviction court, accrediting the testimony of trial counsel, found all allegations of ineffectiveness to be without merit. The court found that trial counsel had "adequately conferred with Petitioner about the details surrounding the offenses, conducted an investigation and developed a trial strategy of passion and provocation to reduce the offenses to attempted voluntary manslaughter." Regarding the plea offer, the post-conviction court, again accrediting trial counsel's testimony, found that "Petitioner's desire for a better State offer and the failure to obtain the same does not constitute ineffective assistance on the part of trial counsel." In sum, the post-conviction court found that the Appellant had failed to meet his burden of proof and that "defense counsel's representation did not fall below the standards."

After review of the record, we find nothing which would lead us to disturb the conclusions of the post-conviction court. The court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. *Henley v. State*, 960 S.W.2d at 578.

Questions concerning credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial court. *Id*. at 579. We will not reweigh or reevaluate the evidence or substitute out inference for those drawn by the trial court. *Id*. at 578-79. Trial counsel conducted a thorough investigation, interviewed the necessary witnesses in order to prepare for trial, and communicated the State's offer to the Appellant. Finding nothing in the record before us which preponderates against the post-conviction court's findings, we find the issue of deficient performance to be without merit.

## II. Choice of Counsel

The Appellant next argues that "the trial court err[ed] in not granting [the Appellant] post-conviction relief based upon his desire to obtain new counsel and/or his inability to cooperate and/or work with trial counsel." First, we note that the Appellant cites no authority for this argument. *See* Tenn. R. App. P. 27(a)(7); *see also* Tenn. Ct. Crim. App. R. 10(b).

The post-conviction court's findings acknowledge that while differences existed between the Appellant and trial counsel, "these differences clearly did not affect [trial counsel's] ability to adequately represent Petitioner. . . . It is significant to this Court that Petitioner has some problems with his attitude, in that Petitioner has a history of violence, his courtroom threats to trial counsel, and Judge Jerman's order transferring Petitioner to the Department of Correction pending trial, due to Petitioner's disruptive behavior in the Gibson County jail would give any defense counsel concern."

We agree with the post-conviction court that no relief is warranted. The court determined that trial counsel's performance was not deficient, nor was it adversely affected by the "conflict" between him and the Appellant. While the United States Constitution guarantees an indigent criminal defendant the right to counsel at trial, which necessarily encompasses the right to effective assistance of counsel, the right does not entitle a defendant to the counsel of his choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988); *see also State v. Carruthers*, 35 S.W.3d 516, 546 (Tenn. 2000) (holding that "[t]he right of an accused to assistance of counsel . . . does not include the right to appointment of counsel of choice, or to special rapport, confidence, or even a meaningful relationship with appointed counsel"). This issue is without merit.

## III. Sentencing

As his final issue, the Appellant argues that it was error for the trial court to sentence him as a Range II multiple offender based upon the Appellant's prior felony convictions. The Appellant asserts that he should have been sentenced as a Range I offender because the prior felonies used to enhance his range all occurred within twenty-four hours of each other, thus falling under Tennessee Code Annotated § 40-35-106(a)(4) (1997), which states that convictions for multiple felonies committed as a part of a single course of conduct within twenty-four hours should constitute one conviction for the purpose of determining prior convictions. The Appellant acknowledges that this rule contains an exception, which states that acts resulting in bodily injury or threatened bodily injury

are not to be construed as a single conviction. However, the Appellant alleges that the State's notice of intent to seek enhanced punishment does not articulate and establish beyond a reasonable doubt that his prior crimes fell within this exception; thus, they should be viewed as a single conviction.[2]

First, we would note that Tennessee Code Annotated § 40-35-401 states that "[t]here is no appellate review of the sentence in a post-conviction or habeas corpus proceeding." Tenn. Code Ann. § 40-35-401(a) (1997). Moreover, the Appellant's issue of improper sentencing is not one which is cognizable in a post-conviction proceeding. Only issues of constitutional import are proper consideration for this court on review of a petition for post-conviction relief. Tenn. Code Ann. § 40-30-203 (1997). The Appellant's available avenue for relief on sentencing issues was the direct appeal of his case. It is well established that a party may not raise an issue in a post-conviction petition that could have been raised on direct appeal. *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-206(g) (1997). "The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40-30-206(g) for purposes of a post-conviction relief proceeding." *Townes*, 56 S.W.3d at 35. Thus, the Appellant's failure to raise the issue of his sentence on direct appeal results in waiver and precludes any review on the merits by this court.

_____
DAVID G. HAYES, JUDGE

---

[2] Attached to the Appellant's brief is purportedly the State's Notice of Intent to Seek Enhanced Punishment which sets forth the following convictions: "(1) On July 20, 1993 . . . convicted of Reckless Endangerment, a class E felony. (2) On July 20, 1993 . . . convicted of Aggravated Assault, a class C felony. (3) On July 20, 1993 . . . convicted of Aggravated Assault, a class C felony." However, documents attached to the brief which are not authenticated by the trial court may not be considered as evidence by this court. Tenn. R. App. P. 24(f). Even if authenticated, it would be impossible to determine from this document whether the date of July 20, 1993, refers to the date of the offenses or the date of the convictions.