IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 14, 2015

## CHRISTOPHER LANCE OSTEEN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-14-131     Donald H. Allen, Judge**

**No. W2014-01258-CCA-R3-PC  -  Filed August 17, 2015**

The Petitioner, Christopher Lance Osteen, appeals the Madison County Circuit Court's dismissal of his pro se petition for post-conviction relief.  On appeal, the Petitioner contends that the post-conviction court erred by summarily dismissing the petition for failing to state a colorable claim without first appointing counsel to "perfect" the petition.  Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Christopher Lance Osteen, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In September 2011, a Madison County Circuit Court Jury convicted the Petitioner of the following crimes committed on September 26, 2010:  burglary, a Class D felony; reckless aggravated assault, a Class D felony; unlawful possession of a weapon with the intent to go armed, a Class A misdemeanor; evading arrest, a Class A misdemeanor; and

resisting arrest, a Class B misdemeanor. After a sentencing hearing, the trial court sentenced him as a Range II, multiple offender to an effective sentence of sixteen years, eleven months, and twenty-nine days. On direct appeal of his convictions, the Petitioner's sole argument was that the trial court erred by using prior convictions that were listed in his presentence report, but not included in the State's notice of enhanced punishment, to enhance his sentences. State v. Christopher Lance Osteen, No. W2011-02714-CCA-R3-CD, 2013 WL 298042, at *2 (Tenn. Crim. App. at Jackson, Jan. 25, 2013). Upon review, this court affirmed the sentencing determinations of the trial court. Id. at *3.

After our supreme court denied the Petitioner's application for permission to appeal, he filed a timely pro se petition for post-conviction relief, alleging that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and State v. Gomez, 239 S.W.3d 733 (2007); that the State failed to provide notice of its intent to seek enhanced punishment at sentencing; and that he failed to have the requisite number of prior convictions in order to be sentenced as a Range II, multiple offender. The State filed a response to the petition, arguing that the petition failed to State a colorable claim for post-conviction relief.

Subsequently, the post-conviction court filed an order summarily dismissing the petition, finding that the Petitioner had waived all of his claims because he failed to raise them in his motion for new trial or on direct appeal. As to the Petitioner's claims that the State failed to provide notice of its intent to seek enhanced punishment at sentencing and that he failed to have the requisite number of prior convictions in order to be sentenced as a Range II, multiple offender, the court noted that it had reviewed the Petitioner's court file, that the State filed a "'Notice of Request for Enhanced Punishment'" three months before the Petitioner's trial, and that the felonies listed in the notice showed that the Petitioner "more than qualified as a Range II, multiple offender at the time of sentencing."

## II. Analysis

On appeal, the Petitioner contends that the post-convictions court's failure to make a preliminary determination on whether the petition stated a colorable claim prior to the State's filing its response to the petition, as required by the post-conviction statute, deprived him of a full and fair hearing on the issues because the court "for all practical intents and purposes" adopted the State's argument in its response. He contends that "[h]ad the statute been followed and counsel appointed, . . . it is more likely than not [that] counsel would have amended the petition to frame the issues in the context of an ineffective assistance of counsel claim." The State argues that the post-conviction court properly dismissed the petition. We agree with the State.

"Relief under [the Post–Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petition must contain "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). When a petition is timely filed, the trial court must determine whether the petition asserts a colorable claim for post-conviction relief. Tenn. Sup. Ct. R. 28 § 2(B)(2). A "colorable claim" is defined as "a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(h). If the facts alleged in the petition, taken as true, fail to state a colorable claim, then summary dismissal is appropriate. State v. Arnold, 143 S.W.3d 784, (Tenn. 2004). However, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim, then the court shall enter a preliminary order and appoint counsel to represent the petitioner. Tenn. Code Ann. § 40-30-107(b)(1). The State must then file an answer or other responsive pleading to the petition. See Tenn. Code Ann. § 40-30-108(a). Whether a post-conviction petition was properly dismissed is a question of law that this court reviews de novo. State v. Burnett, 92 S.W.3d 403, 406 (Tenn. 2002).

Regarding the Petitioner's claim that he was sentenced in violation of Apprendi, Blakey, and Gomez, this court has previously held that "Blakely issues themselves are not cognizable in a post-conviction proceeding." Jeffrey Owen Walters v. State, No. M2008-01806-CCA-R3-PC, 2009 WL 3400687, at *1 (Tenn. Crim. App. at Nashville, Oct. 20, 2009), perm. to appeal denied, (Tenn. 2010). Moreover, the Petitioner committed the crimes in 2010 and was sentenced in 2011, well-after our legistlature amended the Sentencing Act in 2005 to address the constitutional issues raised by Blakely.

As to the Petitioner's claims that the State failed to provide notice of its intent to seek enhanced punishment at sentencing and that he failed to have the requisite number of prior convictions in order to be sentenced as a Range II, multiple offender, those claims also are not cognizable in a post-conviction petition. As this court has explained,

> Only issues of constitutional import are proper consideration for this court on review of a petition for post-conviction relief. Tenn. Code Ann. § 40-30-203 (1997). The Appellant's available avenue for relief on sentencing issues was the direct appeal of his case. It is well established that a party may not raise an issue in a post-conviction petition that

could have been raised on direct appeal. State v. Townes, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-206(g) (1997). "The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40-30-206(g) for purposes of a post-conviction relief proceeding." Townes, 56 S.W.3d at 35.

Andrew Cole v. State, No. W2002-01432-CCA-R3-PC, 2003 WL 22071451, at *4 (Tenn. Crim. App. at Jackson, Aug. 29, 2003), perm. to appeal denied, (Tenn. 2004).

Furthermore, this court's direct appeal opinion of the appellant's convictions belies his claims. Specifically, this court referred to "the State's notice of enhanced punishment, in which the State listed the felony convictions upon which it was relying in support of its argument that the defendant should be sentenced as a multiple offender." Walters, No. M2008-01806-CCA-R3-PC, 2009 WL 3400687, at *2.

We recognize that pro se petitions often are inartfully drafted and that pro se petitioners are not held to the same stringent drafting standards as attorneys. However, even liberally construing the Petitioner's claims, nothing in his pro se petition could be construed as an allegation of ineffective assistance of counsel. Therefore, we conclude that the trial court appropriately dismissed the petition without the appointment of counsel or an evidentiary hearing.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE