IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

**TRAVIS ARMSTRONG v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 1201257  W. Mark Ward, Judge**
_____

**No. W2015-01244-CCA-R3-PC  -  Filed October 26, 2016**
_____

Petitioner, Travis Armstrong, appeals from the denial of his petition for post-conviction relief.  Following convictions, Petitioner received an agreed sentence of 20 years for possession of .5 grams or more of cocaine with intent to deliver and 15 years for possession of a controlled substance in a penal institution, to run concurrently, in exchange for waiving his right to appeal from the convictions which he received in a jury trial.  Petitioner subsequently filed a petition for post-conviction relief alleging ineffective assistance of counsel.  After appointment of counsel and filing of multiple amended petitions, this petition was denied following an evidentiary hearing.  After careful review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Travis Armstrong.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Omar Malik, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

While incarcerated in the Shelby County jail, Petitioner came into possession of crack cocaine and presented the crack cocaine to an officer at the jail.  The crack cocaine was tested at the jail, and a detective testified that the substance was in fact cocaine base and that it weighed .76 grams.  The crack cocaine was then handed over to the Tennessee

Bureau of Investigation where it was tested again. The T.B.I.'s testing also indicated the substance was cocaine base, however the weight of the cocaine was found to be .2 grams.

On March 8, 2012, Petitioner was indicted for unlawful possession of .5 grams or more of cocaine with intent to sell, a class B felony, unlawful possession of cocaine in an amount of .5 grams or more with intent to deliver, a class B felony, and possession of contraband in a penal institution, a class C felony. At trial, the jury heard the conflicting testimony regarding the weight of the crack cocaine. Detective Hodges, of the Shelby County Sheriff's office, testified that the testing conducted at the jail revealed the weight of the crack cocaine was .76 grams (a Class B felony). However, Shalandus Garrett, a forensic scientist for the T.B.I., testified that the crack cocaine weighed .2 grams (a Class C felony). *See* T.C.A. § 39-17-417(c) (Possession of .5 grams or more of cocaine is a class B felony. Possession of less than .5 grams of cocaine is a class C felony.).

The jury found Petitioner guilty of the following: Count 1: unlawful misdemeanor possession of a controlled substance (cocaine), a Class A misdemeanor; Count 2: possession of .5 grams or more of cocaine with intent to deliver (Class B felony); and Count 3: possession of a controlled substance in a penal institution (Class C felony). Petitioner agreed to the offered sentence of 20 years as a persistent offender for Count 2, and 15 years as a career offender for Count 3, to run concurrently. Count 1 was merged with Count 2. In exchange for this sentence, Petitioner agreed, in writing, to waive his right to appeal the convictions and the sentencing.

*Post-Conviction Evidentiary Hearing*

Petitioner filed a timely *pro se* petition for post-conviction relief, alleging that his trial counsel provided ineffective assistance by not arguing the weight of the crack cocaine to the jury and by allowing him to waive his right to appeal without understanding what he was waiving. Petitioner was appointed counsel, and after multiple amended petitions were filed, an evidentiary hearing was conducted.

At the evidentiary hearing, Petitioner gave conflicting testimony regarding whether his trial counsel argued to the jury the discrepancy in the proof as to the weight of the crack cocaine. Initially, Petitioner testified that his trial counsel did not argue to the jury that the weight should be considered .2 grams. Petitioner then testified that he did not remember whether trial counsel argued for the lesser weight in the closing argument. Petitioner further testified that he did not understand what he was giving up when he signed the agreement to waive his right to appeal. In the written order denying Petitioner's post-conviction petition, the post-conviction court stated that Petitioner appeared "willing to testify to anything in order to have his convictions set aside," and Petitioner "appeared to lack a shred of credibility."

2

Trial counsel for Petitioner testified that he did argue before the jury that the weight of the crack rock should be the lesser .2 grams and that Petitioner should only be convicted of a Class C felony. Trial counsel further testified that he explained the appeal rights to Petitioner and that Petitioner seemed, at the time, to understand what he was giving up by waiving his right to appeal.

The Assistant District Attorney General who prosecuted Petitioner at trial testified that trial counsel did in fact argue the issue of the drug's weight to the judge on a motion to dismiss the charges as Class B felonies, as well as the jury regarding the failure of the State to prove Class B felony offenses. The prosecutor further testified that Petitioner and his counsel spent a considerable amount of time discussing the offer to waive Petitioner's right to appeal.

The post-conviction court made the following findings of fact and conclusions of law in a written order denying post-conviction relief, as pertinent to the issues raised on appeal:

> Petitioner alleges that [trial counsel] provided ineffective assistance of counsel in failing to argue to the jury that the weight of the drugs was inadequate to establish the B felony. Significantly, Petitioner testified at one point that he could not remember whether his attorney made such an argument. . . . Petitioner has failed to carry his burden on the issue.
>
> Petitioner contends that [trial counsel] failed to explain that he was waiving his right to appeal when he agreed to the sentence. Contrary to this allegation, Petitioner testified in the post-conviction evidentiary hearing that he was aware that the sentencing agreement involved the waiver of his right to appeal. Again, Petitioner failed to carry his burden of proof on this issue. Perhaps Petitioner meant to allege that he did not make a knowing and intelligent or voluntary agreement to the sentence and waiver of the appeal. . . . Assuming that this is his contention, the Petitioner has failed to carry his burden of proof on any of these matters either. . . . Both the colloquy with the court and the multiple written waivers and the testimony of [trial counsel] show that the Petitioner was fully aware of his appellate rights at the time he waived them. Further, Petitioner has failed to show that the sentencing agreement and waiver of appeal was involuntary or the product of coercion.
>
>     . . . .

3

More importantly, Petitioner has failed to show any "deficiency" with regard to the advice, nor has he shown that his decision to accept the sentence and waive his appeal was unknowing, unintelligent or involuntary.

## Analysis

On appeal, Petitioner contends that the post-conviction court erred in denying his petition for post-conviction relief. Petitioner asserts that trial counsel provided ineffective assistance by not arguing for a Class C felony based on the crack cocaine's reported weight of .2 grams, and by not fully explaining the rights Petitioner was giving up by waiving his right to appeal. Petitioner further asserts that he was not mentally competent to stand trial.

A Petitioner shall be granted relief in a post-conviction proceeding, "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Petitioner has the burden of proving the allegations in a post-conviction proceeding by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, the factual findings of a post-conviction court are conclusive, unless the evidence preponderates against them. *See Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009); *See also Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Therefore, the findings of the post-conviction court with respect to witness credibility, the value of witness testimony, and the resolution of factual issues presented by the evidence will generally by relied upon by the reviewing court. *See Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999).

Ineffective assistance of counsel is a ground for post-conviction relief. *See Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). Criminal defendants are guaranteed the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, (1984). The Sixth Amendment to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The Constitution of Tennessee in Article I, section 9 provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel."

To prevail on a claim of ineffective assistance of counsel, a Petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. *See Strickland*, 466 U.S. 668, 687. To prove counsel's performance was deficient, a petitioner must establish that trial counsel's conduct fell below an objective standard of "reasonableness under prevailing professional norms." *Finch v. State*, 226 S.W.3d 307,

315 (Tenn. 2007) (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). Stated differently, counsel's performance is deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. at 686, 104 S.Ct. 2052. On appellate review, this court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time. *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689)).

Petitioner asserts that his trial counsel failed to argue to the jury that the crack cocaine weighed less than .5 grams, therefore rendering ineffective assistance of counsel. However, Petitioner's testimony did not support this assertion. He failed to show any proof, other than his contradictory and vague testimony, that his counsel had not presented this issue before the jury in closing argument. Trial counsel as well as the Assistant District Attorney General testified that the argument was, in fact, made to the jury. Petitioner has failed to present any clear and convincing evidence that his trial counsel failed to argue this issue.

Petitioner further asserts that trial counsel was ineffective for allowing him to sign the sentence agreement without fully understanding the rights that he was waiving. However, as the post-conviction court noted, Petitioner has shown no evidence that he was coerced into agreeing with this deal, "nor has he shown any evidence that his decision to accept the sentence and waive his appeal was unknowing, unintelligent or involuntary." The record shows that Petitioner spent time discussing this issue with his counsel before reaching a decision, and his counsel testified that he explained the appellate rights to the best of his ability. Moreover, Petitioner signed a memorandum agreeing that he would waive his appellate rights. Petitioner has failed to produce any evidence that would lead this court to believe that trial counsel's performance "undermined the adversarial process."

Petitioner has not satisfied the deficient performance prong of a claim for ineffective counsel, so the court need not discuss the prejudice prong. *See Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). However, Petitioner has not shown any evidence that the claimed deficient performance of his counsel prejudiced his defense. We agree with the post-conviction court's statement that even if the charge was determined to be a Class C felony, either on appeal or by the jury, Petitioner was facing the possibility of a longer sentence than the one he accepted in exchange for his right to appeal. As a career offender, Petitioner could have been sentenced to 15 years for each of the Class C felony convictions, to run consecutively. T.C.A. § 40-35-108; T.C.A. § 40-35-112(c)(3); T.C.A. § 40-35-115(b)(2). This would have given Petitioner an effective 30-year sentence instead of the effective 20-year sentence he received.

Petitioner has failed to show clear and convincing evidence to support the claim that his defense was prejudiced by the alleged ineffective assistance of counsel.

Petitioner also asserts that he was not mentally competent to stand trial. The State contends that Petitioner has waived review of this claim because he did not raise this issue in his petition for post-conviction relief or during the evidentiary hearing. We agree with the State. This issue is being raised for the first time on this appeal, and therefore it is waived. *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000) (citing *Cone v. State*, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987)). Furthermore, Petitioner made no argument on this issue other than the mere statement in his brief that he was incompetent. No evidence to support this claim was presented at the evidentiary hearing. Petitioner failed to present clear and convincing evidence that the allegations he made were true.

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE