# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Remanded by Supreme Court October 15, 2007

## STATE OF TENNESSEE v. COREY FINLEY

**Appeal from the Criminal Court for Shelby County**
**No. 03-05912     John P. Colton, Judge**

---

**No. W2007-02321-CCA-RM-CD   - Filed March 18, 2008**

---

The Tennessee Supreme Court has remanded this case for further consideration of the defendant's sentencing in light of *State v. Gomez*, 239 S.W.3d 733 (Tenn., Oct. 9, 2007).   Although the defendant's original 23-year sentence[1] involved the use of enhancement factors that violated the defendant's Sixth Amendment right to a jury trial, we hold that the sentence of 23 years is not plain error.  Accordingly, the 23-year sentence is affirmed.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Robert Jones, District Public Defender; Jim Hale, Assistant District Public Defender (at trial); and Phyllis Aluko, Assistant District Public Defender (on appeal), for the appellant, Corey Finley.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Atttorney General; William L. Gibbons, District Attorney General; and Dennis Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the time of sentencing in this case, September 9, 2005, the Tennessee Supreme Court had held that, despite *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), Gomez' sentencing was not plainly erroneous because the Tennessee Criminal Sentencing Reform Act of 1989, pursuant to which Gomez was sentenced, but did not run afoul of the Sixth Amendment right to jury trial as interpreted in *Blakely*.  *See State v. Gomez*, 163 S.W.3d 632, 654-61 (Tenn. 2005) (*Gomez I*), *vacated and remanded*, *Gomez v. Tennessee*, ___ U.S. ___, 127 S. Ct. 1209 (2007).  In this court's opinion in the present case, we affirmed the use of multiple sentencing enhancement

---

[1] The trial court actually enhanced the sentence from the presumptive sentence of 20 years to 24 years, then it mitigated the sentence by one year because the defendant "had completed some classes in the jail."

factors, *see generally* T.C.A. § 40-35-114 (2003) (amended 2005), and in so doing, we affirmed the defendant's 23-year, Range I sentence for the Class A felony of attempt to commit first degree murder. *See State v. Corey Finley*, No. W2005-02804-CCA-R3-CD (Tenn. Crim. App., Jackson, June 7, 2007).[2]

On October 15, 2007, the Tennessee Supreme Court, however, remanded this case to this court in the wake of its overturning *Gomez I*. *See State v. Gomez*, 239 S.W.3d 733 (Tenn., Oct. 9, 2007) (*Gomez II*).

*Blakely* held that the "statutory maximum" to which a trial court may sentence a defendant is not the maximum sentence after application of appropriate enhancement factors, other than the fact of a prior conviction, but the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *See Blakely* at 303, 124 S.Ct. at 2537. Under *Blakely*, then, the "statutory maximum" sentence which may be imposed is the presumptive sentence applicable to the conviction offense. *Id.* The presumptive sentence may be exceeded without the participation of a jury only when the defendant has a prior conviction and/or when an otherwise applicable enhancement factor was reflected in the jury's verdict or was admitted by the defendant.

On January 22, 2007, the United States Supreme Court released its decision in *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856 (2007), holding that California's sentencing scheme did not survive Sixth Amendment scrutiny intact under *Blakely*. In short, the *Blakey-Cunningham-Gomez II* regime controls the present case, and that regime instructs us, "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakey*, 542 U.S. at 301, 124 S. Ct. at 2536 (quoting *Appendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000)); *see State v. Schiefelbein*, 230 S.W.3d 88, 149 (Tenn. Crim. App. 2007), *reh'g granted* (Mar.7, 2007) (order on petition to rehear modifying defendant's sentences pursuant to *Blakely* and *Cunningham*)("*Cunningham* did apply the *coup de grace* to the rationale employed in Tennessee's pre-2005 sentencing law.").

In the present case, although the offense was committed before *Blakely* was filed, the defendant was sentenced after *Blakely* was filed and during the erstwhile reign of *Gomez I*. As noted, the defendant did not execute a waiver as a means of electing sentencing via the *Blakely*-compliant 2005 amendments to the sentencing law. Moreover, he raised the *Blakely* issue neither at sentencing nor on direct appeal. Apparently, he raised the issue for the first time in his application to our supreme court for permission to appeal following this court's affirming the conviction and sentence. Thus, we must determine in the present case whether the application of *Blakely* principles

---

[2] As noted in this court's June 7, 2007 opinion, the defendant did not waive his ex post facto protections and elect to be sentenced under the new, *Blakely*-compliant sentencing scheme that became effective for offenses committed on or after June 7, 2005, and provided that "defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto provisions." *See* 2005 Tenn. Pub. Acts ch. 353 § 18; T.C.A.§ 40-35-102 (2006), Compiler's Notes.

is precluded by the usual rule that issues presented for the first time on appeal are waived. *See*, *e.g.*, Tenn. R. App. P. 36 ("The Supreme Court, Court of Appeals, and Court of Criminal Appeals shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact."); *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim .App. 1996) ("Issues raised for the first time on appeal are considered waived.").

On this point, the United States Supreme Court, in adjudicating *a Blakely* claim, said that not every *Blakely*-deficient sentence "gives rise to a Sixth Amendment violation . . . [,nor will] every appeal . . . lead to a new sentencing hearing." *United States v. Booker*, 543 U.S. 220, 268, 125 S. Ct. 738, 769 (2005). The Court elaborated, "[W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." *Id.*[3]

We conclude that the defendant's failure to raise the *Blakely* issue prior to appeal deprives him of plenary review, and we examine the claim via the protocol for plain error review. Before an error is recognized as plain error, it must be "plain" and must affect a substantial right of the accused. The term "plain" equates to "clear" or "obvious." *See United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). Plain error is not error that is simply conspicuous; rather, it is especially egregious error that strikes at the fairness, integrity, or public reputation of judicial proceedings. *See State v. Wooden*, 658 S.W.2d 553, 559 (Tenn. Crim. App. 1983).

In *State v. Adkisson*, 899 S.W.2d 626 (Tenn. Crim. App. 1994), this court defined "substantial right" as a right of "fundamental proportions in the indictment process, a right to the proof of every element of the offense and . . . constitutional in nature." *Id*. at 639. In that case, this court established five factors to be applied in determining whether an error is plain:

> (a) the record must clearly establish what occurred in the trial court;
>
> (b) a clear and unequivocal rule of law must have been breached;
>
> (c) a substantial right of the accused must have been adversely affected;
>
> (d) the accused [must not have waived] the issue for tactical reasons; and
>
> (e) consideration of the error must be "necessary to do substantial justice."

---

[3] The Tennessee Supreme Court, in *Gomez II*, did not adjudicate whether Gomez had waived his claim to *Blakely* relief; the court merely determined that *Blakely* compelled resentencing even if the plain-error rationale were required. *Gomez II*, 239 S.W.3d at 740; *see Schiefelbein*, 230 S.W.3d at 150 n.1 (order on petitioner to rehear) (conducting plenary review of *Blakely* claim when defendant had raised issued at sentencing hearing).

*Id.* at 641-42 (footnotes omitted). Our supreme court characterized the *Adkisson* test as a "clear and meaningful standard" and emphasized that each of the five factors must be present before an error qualifies as plain error. *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000).

Looking first the adequacy of the record, we have before us the trial court record, including the presentence report and the transcripts of the trial and of the sentencing hearing, from all of which we can glean the trial court's bases for enhancing the defendant's sentence from the presumptive sentence of 20 years to 23 years. *See id.* § 40-35-210(c) ("The presumptive sentence for a Class A felony shall be the midpoint of the range . . . ."). The trial court enhanced the defendant's sentence based upon his prior criminal record that included four convictions of criminal trespass and one of gambling, the infliction of particularly great injuries upon the victim, the defendant's possession of a firearm, his lack of hesitation about committing a dangerous offense, and his record of juvenile adjudications. *See id.* § 40-35-114(2), (7), (10), (11), (21) (2003). We deem the record adequate for review on the merits.

The issue at stake is the defendant's Sixth Amendment right to have a jury determine the factors that enhance his sentence beyond the presumptive sentence of 20 years. In *Gomez II*, our supreme court determined that Gomez' sentence enhancement violated a clear and unequivocal rule of law for purposes of noticing plain error. As in *Gomez II*, the *Blakely* claim in the present case implicates a clear and unequivocal rule of law.

Looking next to whether the claimed violation of the Sixth Amendment adversely affected a substantial right of the defendant, the trial court, in addition to considering the defendant's record of prior convictions, utilized at least three enhancement factors that involved factual determinations of the "type . . . prohibited by *Apprendi*." *Gomez II*, 239 S.W.3d at 743. Thus, as in *Gomez II*, the enhancement of the sentence via multiple factors adversely affected a substantial right of the defendant.

"The fourth consideration for plain error review is whether the record indicates that the [d]efendant[] waived [his] Sixth Amendment claims for tactical reasons." *Id.* at 741. As in *Gomez II*, "the record in this case is silent and does not establish that the [d]efendant[] made a tactical decision to waive [his] Sixth Amendment claims." *See id.* Thus, the record evinces no basis in tactics or strategy for rejecting plain error review.

Finally, we examine the need for assuring substantial justice as a basis for noticing plain error. In *Gomez II*, our supreme court, in examining whether substantial justice had been availed or withheld, looked at the relative impact on sentence enhancement of Gomez' prior criminal record *vis a vis* the other, *Blakely*-infirm factors. The court commented that, as a reviewing appellate court, it was authorized to "[a]ffirm, reduce, vacate or set aside the sentence imposed," *id.* at 743 (quoting T.C.A. § 40-35-401(c) (2006)), suggesting that the court, if it could, would look at what sentence it would impose using the *Blakely*-compliant enhancement factor of prior criminal record to determine whether the trial court's use of other factors deprived the defendant of "substantial justice." In *Gomez II*, however, the court determined that the record of "criminal histories [was] not sufficiently well-developed [to allow a] determin[ation of] the proper sentences based on this enhancement factor alone." *Id.* at 743. In that situation, the *Gomez II* court apparently reasoned, the

appellate court could not bring an appropriate, *Blakely*-compliant sentence into focus, and accordingly, the court held that, to ensure substantial justice, it must remand the case to the trial court for a "resentencing hearing at which the trial court will have an opportunity both to determine the full scope of the Defendants' criminal histories and to consider whether imposition of the maximum sentence on all convictions is appropriate." *Id.* We stress that this analysis of the propriety of the sentence length was undertaken as part of – and not after – the court's consideration of the need for "substantial justice" as a component of a plain-error examination.

Thus, in the present case, we look at what sentence we might impose on the basis of the defendant's prior criminal record. We are not hampered, as was the *Gomez II* court, by an inadequate or confusing record of the defendant's prior convictions.

The defendant's prior criminal record, although comprised of misdemeanors, is extensive and, as the trial court noted, includes four convictions of the same offense – criminal trespass. This record justifies an enhancement of the presumptive 20-year sentence to a level of 24 years. Considering that, the mitigating factor utilized by the trial court could mitigate the sentence by one year, *see id.* § 40-35-113(13), the result would be an appropriate sentence of 23 years. As a result, the sentencing regimen used by the trial court, though erroneous, does not equate to plain error.

As a consequence, the sentencing order is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE