IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 3, 2018

## KEDRICK CARWELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 11-03417        James C. Beasley, Jr., Judge**

_____

**No. W2017-01899-CCA-R3-PC**

_____

The petitioner, Kedrick Carwell, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received effective assistance of counsel at trial. Within the context of his post-conviction claims, the petitioner attempts to challenge the jury instructions recited at trial, claiming the instructions led to a non-unanimous verdict. Following our review, we affirm the denial of the petition and conclude the petitioner has waived any challenge to the jury instructions or verdict.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Christopher Ingram, Jr., Memphis, Tennessee, for the appellant, Kedrick Carwell.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stephen Ragland, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

A Shelby County jury convicted the petitioner of carjacking and employing a firearm during the commission of a dangerous felony, for which he received an effective sentence of twenty-five years in confinement. On direct appeal, the petitioner solely challenged the sufficiency of the evidence supporting his convictions. This Court summarized the underlying facts leading to the petitioner's conviction as follows:

## State's Proof

At trial, the victim, Johnathan Gibson, testified that on the evening of January 9, 2011, he had permission to use his mother's vehicle, a 2006 Ford Explorer, and drove it to "a little get-together" at the Prescott Place Apartments in Memphis. His girlfriend and her sister accompanied him. They decided to leave the party around 11:30 p.m. because it had started snowing, and the victim went outside to start the vehicle and scrape ice off the windshield. As he was doing so, he was approached by a man who asked, "[H]ey, y'all having a party?" Because he had parked his vehicle underneath a street light, the victim could see that the man had a gun. The victim put his hands in the air, and the man told him to "get down." As the victim got down on the ground, he saw a second man, who was wearing a hoodie with a white t-shirt over it and jeans, about three feet away with a gun aimed at him. The first gunman then took the victim's shoes and pants, and the two men jumped into the victim's vehicle and drove away. The victim acknowledged that the second gunman never spoke to him during the incident.

The victim said that on January 25, 2011, he was shown three photographic arrays, from which he identified the [petitioner] as the second gunman. He again identified the [petitioner] at a preliminary hearing in March 2011 and identified him in the courtroom at trial. Asked if he had any doubt as to his identification of the [petitioner] as one of the perpetrators, the victim replied, "No, I'm not doubting."

Officer Michael Thomas of the Memphis Police Department testified that on January 21, 2011, he responded to a suspicious vehicle call at 2107 Imogene where he discovered the victim's stolen vehicle.

Officer Newton Morgan of the Memphis Police Department testified that on January 21, 2011, he examined the victim's vehicle at the crime scene office and discovered a Kool-Aid package on the front console. He chemically processed the package to locate possible fingerprints. He obtained a print and secured it in a lockbox for the latent prints department to collect.

Debra Finley, a fingerprint technician with the Shelby County Sheriff's Department, testified that she obtained fingerprints from the [petitioner]. Martin Milner, a latent print examiner with the Memphis Police Department Crime Scene Investigations, testified that the

fingerprints found on the Kool-Aid package matched those of the [petitioner].

**Defense Proof**

Officer Bruce Brown of the Memphis Police Department testified that he received the robbery report in this case on January 10, 2011, and interviewed the victim by telephone. The victim told Officer Brown that he could not identify the perpetrators because he did not get a good look at them.

The twenty-two-year-old [petitioner] testified that at the time of the offenses he made his living by selling cocaine, estimating that he made between $200 and $400 per week. He admitted that he had four felony convictions for sale of cocaine in 2009, for which he received five years of probation. The [petitioner] denied any involvement in the carjacking of the victim or that he had ever carried a gun. However, he admitted driving the victim's vehicle, explaining that a "dope friend named Black" had "pawned" him the vehicle for a couple of hours in exchange for some crack cocaine. Because "Black" told the [petitioner] that the vehicle belonged to him and his girlfriend and "Black" had the keys for the vehicle, the [petitioner] did not think the vehicle was stolen. He said he returned the vehicle to "Black" after taking his mother to the Nike factory and going to a shopping mall.

*State v. Kedrick Carwell*, No. W2012-01868-CCA-R3-CD, 2013 WL 4007530, at *1-2 (Tenn. Crim. App. Aug. 5, 2013). After its review, this Court affirmed the petitioner's convictions.

The petitioner then filed a timely petition for post-conviction relief on February 12, 2014, alleging he received ineffective assistance of counsel at trial and on appeal. After the appointment of counsel, the petitioner filed an amended petition for post-conviction relief. In the amended petition, the petitioner alleged trial counsel failed to properly investigate his case, failed to call material witnesses at trial, failed to impeach the victim at trial, failed to "properly inform [him] of [his potential] exposure," and "failed to object to [the] introduction of identification evidence." The petitioner later filed a second amended petition for post-conviction relief wherein he also challenged trial counsel's failure "to object to an improper verdict by the trial court" and failure "to include [in] his Motion [for] New Trial that the jury did not [] find the [petitioner] guilty of employing a firearm during the commission of a dangerous felony." The petitioner also alleged appellate counsel failed "to appeal the improper verdict by the trial court."

The trial court appointed new counsel for the petitioner, who filed a third amended petition for post-conviction relief. In that petition, the petitioner further clarified his allegations, as follows:

Trial counsel failed to call a material witness who could testify as to how [the] [p]etitioner came into possession of the alleged victim's vehicle, thereby, corroborating [the] [p]etitioner's theory as to how the Kool-Aid packet, containing [the] [p]etitioner's fingerprints, was found in the victim's vehicle.

Trial counsel failed to object to the inclusion of a "deadly weapon" definition in the jury instructions creating the potential for a non-unanimous jury verdict.

According to the petitioner, the inclusion of the definition of "deadly weapon" "permitted the jury to deliberate upon both means of committing the offense of carjacking, by use of a deadly weapon or by use of force or intimidation." As a result, the petitioner argued he was denied his right to a unanimous jury verdict, explaining:

Given the evidence presented at trial, that the [p]etitioner pointed a gun at the victim, some jurors very easily could have convicted the [p]etitioner of carjacking by use of a deadly weapon, a theory under which the [p]etitioner was not charged, while other jurors may have convicted the [p]etitioner of carjacking by force or intimidation, the theory under which the [p]etitioner was charged.

At the subsequent post-conviction hearing, the petitioner offered no substantive testimony concerning his claims but merely verified the contents of his petition. Additionally, the petitioner offered copies of the trial transcript and jury instructions into evidence. The State offered no proof.

After its review of the evidence presented, the post-conviction court denied the petition, finding the petitioner failed to carry his burden of proof to show ineffective assistance of trial counsel.[1] Further, the post-conviction court dismissed the petitioner's claim that the inclusion of the definition of a deadly weapon in the jury instructions resulted in a non-unanimous verdict, finding the argument to be without merit. The petitioner timely appealed.

---

[1] At the hearing, the petitioner stated he had no claims against his appellate counsel.

# ANALYSIS

On appeal, the petitioner only seeks review of his plain error claim that the trial court erred by including "a 'deadly weapon' definition in the jury instructions." The State contends the petitioner has waived any and all challenges to the jury instructions. Further, the State argues the petitioner "implicitly concedes that he has waived this issue by requesting plain error review, which cannot be applied in post-conviction proceedings." Following our review of the record and submissions of the parties, we agree with the State and affirm the judgment of the post-conviction court.

The petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *See Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo*, affording a presumption of correctness only to the post-conviction court's findings of fact. *See id.*; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id.* Thus, courts are not required to even "address both

components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Here, under the guise of a post-conviction petition, the petitioner attempts to challenge the trial court's inclusion of the definition of a deadly weapon in the jury instructions, claiming it led to a non-unanimous verdict at trial. However, as noted by the State, the petitioner has waived any and all challenges to the jury instructions recited by the trial court, and in turn, the jury's verdict, as he failed to address this issue at trial, in his motion for new trial, or on direct appeal. "It is well established that a party may not raise an issue in a post-conviction petition that could have been raised on direct appeal." *Floyd W. Smith v. State*, No. M2002-01933-CCA-R3-PC, 2003 WL 21486981, at *3 (Tenn. Crim. App. June 27, 2003), *perm. app. denied* (Tenn. October 27, 2003) (citing *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000), *overruled on other grounds by State v. Terry*, 118 S.W.3d 355 (Tenn. 2003)). In addition, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."[2] Tenn. Code Ann. § 40-30-106 (g); *see also Townes*, 56 S.W.3d at 35. Upon our review of the record, it is clear the petitioner failed to raise his present claim at any of the appropriate times including, at trial, in his motion for new trial, or on direct appeal. As such, the petitioner's present issue is waived, and he is not entitled to relief. *See Smith*, No. M2002-01933-CCA-R3-PC, 2003 WL 21486981, at *3.

---

[2] While two exceptions exist to this rule, neither applies in the petitioner's case and therefore, we will not discuss them.

Furthermore, the petitioner's request for plain error review of the issue presented is unwarranted. "[T]he plain error rule, which would otherwise permit an appellate court to address the issue sua sponte, may not be applied in post-conviction proceedings to grounds that would otherwise be deemed either waived or previously determined." *Grindstaff v. State*, 297 S.W.3d 208, 219 (Tenn. 2009) (citing *State v. West*, 19 S.W.3d 753, 756-57 (Tenn. 2000)). As a result, the petitioner's request for plain error review of the issue presented is not properly before this Court as we have determined the issue is waived. Tenn. Code Ann. § 40-30-106 (g); *see Strickland*, 466 U.S. at 687. The petitioner, again, is not entitled to relief.

Finally, we note, the record before this Court provides no evidence to support the petitioner's underlying claim. Though the petitioner submitted a copy of the trial transcript and jury instructions into evidence at the post-conviction hearing, nothing in the record indicates how the inclusion of the definition of "deadly weapon" affected the verdict at trial. In its written order denying relief, the post-conviction court explained:

> . . . [T]he petitioner alleges that the jury instructions provided by the court were improper and could have led to inconsistent and non-unanimous verdicts. The court instructed the jury as to the elements of [c]arjacking. Namely, the court charged the jury that the State must prove that the taking of a motor vehicle from the possession of another was by force or intimidation. The court did not instruct the jury about the taking of a motor vehicle from the possession of another by use of a deadly weapon. The jury had only one option to consider that was a taking by force or intimidation. However, within the definitions of terms submitted to the jury the court defined a deadly weapon. The court acknowledges that said definition should not have been a part of the instruction because there was no element involving a deadly weapon. The petitioner alleges that because he was described as using a firearm during commission of the [c]arjacking the jury could have considered the alternative type of [c]arjacking and therefore not have returned a unanimous verdict. Unfortunately, the jury was never advised that there was an alternative type of [c]arjacking and they could not or would not have considered it. The definition was at worst surplus language and would not have led to an alternative type of [c]arjacking verdict to which the jury was never exposed. There is no proof that the jury's verdict was not unanimous therefore this issue is without merit.

Our review of the issue presented reflects that of the post-conviction court. Nothing in the record supports the petitioner's late challenge to the alleged impropriety of the instruction defining a deadly weapon or the alleged non-unanimity of the jury's

verdict.  As noted by the post-conviction court, deadly weapon was not listed as an element in the charged offense.  Rather, the definition was simply included within the charge along with other defined terms.  While the definition was unnecessary and superfluous, the petitioner has failed to show how it affected the outcome of his trial. Additionally, the record shows this Court upheld the jury's verdict on direct appeal. Finally, the record is absent any evidence supporting the petitioner's present claim as a valid attack on trial counsel's performance or how trial counsel's performance affected the outcome of his trial.  *See* Tenn. Code Ann. § 40-30-110(f); *Goad*, 938 S.W.2d at 369. The petitioner is not entitled to relief.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE